NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2426
_____

SAMY JECROIS

v.

MARK SOJAK; KENNETH KOLICH; HONEY SPIRITO;
CHONDA ROSARIO; JOHN/JANE DOE(S) I-IV; HUDSON COUNTY,

Mark Sojak, Kenneth Kolich, Honey Spirito,
                                            Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-16-cv-01477)
District Judge: Honorable John M. Vazquez
_____

Argued: April 25, 2018

Before: AMBRO, SCIRICA, and SILER, JR.,* *Circuit Judges*

(Opinion Filed: June 6, 2018)


Melissa H. Raska
Assistant Attorney General of Counsel

_____

* Hon. Eugene E. Siler, Jr., United States Court of Appeals for the Sixth Circuit, sitting
by designation.

Beth A. Ferlicchi
Christopher S. Porrino
Office of Attorney General of New Jersey
124 Halsey Street
P.O. Box 45029
Newark, NJ 07102

Benjamin H. Zieman     [ARGUED]
Office of Attorney General of New Jersey
Division of Law Tort Litigation and Judiciary
25 Market Street
P.O. Box 116
Trenton, NJ 08625

Daniel M. Vannella
Office of Attorney General of New Jersey
Department of Law & Public Safety
Division of Law
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625

    Counsel for Appellant

Louis C. Shapiro     [ARGUED]
1063 East Landis Avenue
Vineland, NJ 08360

    Counsel for Appellee

_____

OPINION[**]

_____

**SCIRICA**, *Circuit Judge*

In this civil rights action under 42 U.S.C. § 1983, plaintiff-appellee Samy Jecrois

asserts he was arrested without probable cause based on an allegation he sexually

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

assaulted a fellow college student. Defendants-appellants, police officers Mark Sojak, Kenneth Kolich, and Honey Spirito, appeal the District Court's denial of their motion to dismiss based on qualified immunity. Although the complaint-warrant ("application") for Jecrois's arrest contained an error, we conclude that the application, with the error corrected, nonetheless establishes probable cause for Jecrois's arrest under New Jersey law. Because the arrest was supported by probable cause, we will vacate the District Court's order denying the officers' motion to dismiss and remand with instructions to grant the motion.

## I.[1]

On November 10, 2014, S.D., a freshman woman at Saint Peter's University in Jersey City, was allegedly sexually assaulted by Jecrois in his dorm room. The next day, Campus Safety at Saint Peter's contacted Sojak, a detective at the Hudson County prosecutor's office. Sojak arranged for S.D. to undergo a sexual assault examination, had her provide a videotaped statement, and interviewed S.D.'s father.

Based on the information gathered, Kolich, another detective with the prosecutor's office, authored a probable cause report. The report was approved by Spirito, Kolich's supervising officer. The same day the report was prepared, Sojak submitted an application for Jecrois's arrest to a Hudson County Superior Court Judge. Under New Jersey law, officers are not required to submit an accompanying affidavit together with

---

[1] The following factual allegations are drawn from Jecrois's Complaint.

3

the application to obtain an arrest warrant. *See* New Jersey Court Rule 3:3-1(a)(1). But the application itself must be sworn, as Sojak did in this case.

In the application, Sojak listed the offense as a violation of New Jersey's sexual assault statute, N.J. Stat. Ann. § 2C:14-2(c)(1). That provision specifies:

> An actor is guilty of sexual assault if he commits an act of sexual penetration with another person under any one of the following circumstances:
>
> (1) The actor uses physical force or coercion, but the victim does not sustain severe personal injury . . . .

N.J. Stat. Ann. § 2C:14-2(c)(1). As support, the application included facts from S.D.'s interview:

> Probable cause for the issuance of this warrant is the digitally recorded interview of the victim where she stated she was with the defendant in his dormatory (sic) room and the defendant attempted to kiss her and victim said no. The defendant then forcibly (sic) kissed the victim. The defendant then forcibly (sic) pulls down her pants and inserts his penis into her vagina against her will while the defendant is holding her arms down.

App. 192. It is unclear whether the Superior Court Judge was provided with the probable cause report or S.D.'s videotaped statement—both of which provide greater detail and are inculpatory in nature. The Judge approved the application, issued an arrest warrant, and set bail at $250,000 cash/bond. Jecrois was later released on his own recognizance. All charges against him were subsequently dismissed.

Jecrois filed suit against Hudson County and the aforementioned officers, among others, asserting a number of claims. In his Complaint, Jecrois alleged the officers misrepresented S.D.'s statement in the application. In particular, Jecrois alleged S.D.

4

never said he forcibly kissed her and that "[t]he arrest warrant falsely equated the sense of timing of the alleged holding down of [S.D.'s] arms with the act of penetration." App. 47. Instead, as stated in Jecrois's Complaint, "[a]ccording to [S.D.], the 'trying' by [Jecrois] to hold down [S.D.'s] arms allegedly occurred before her pants and panties came down, when [Jecrois] was attempting to pull them down and [S.D.] was trying to pull them back up." *Id.*

The defendants filed a motion to dismiss, seeking, *inter alia*, the dismissal of claims against the officers on the basis of qualified immunity. The District Court dismissed all claims against Hudson County and several claims against the officers. But it denied the motion as to the following claims against the officers: Count I, a § 1983 claim for unreasonable search and seizure under the Fourth and Fourteenth Amendments and a violation of the Due Process Clause of the Fourteenth Amendment; Count II, a violation of Article I, Section 7 of the New Jersey Constitution for an unreasonable search and seizure; Count VI, a § 1983 malicious prosecution claim; Count VII, a common law malicious prosecution claim; Count VIII, common law false arrest and imprisonment claim; Count IX, a negligent supervision claim against Spirito; and Count X, a negligence claim.

The District Court determined it could not dismiss the false arrest and malicious prosecution claims against the officers based on qualified immunity because Jecrois adequately pled the officers lacked probable cause to arrest and prosecute him for sexual assault. The District Court also concluded the right to be free from arrest without probable cause was clearly established at the time of Jecrois's arrest. The officers filed a

5

notice of appeal "to the extent that the District Court denied Defendants' motion to dismiss . . . on the basis of qualified immunity . . . , including the denial of the motion to dismiss all claims against the Defendants." App. 2.

## II.[2]

The officers challenge the District Court's denial of their motion to dismiss on the basis of qualified immunity. Specifically, the officers assert there was probable cause to support issuance of the arrest warrant. We agree. Because the application supports a finding of probable cause, we conclude the officers did not violate Jecrois's rights.[3]

Qualified immunity shields "all but the plainly incompetent or those who knowingly violate the law." *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 162 (3d Cir. 2017) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Officials are protected from "civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v.*

---

[2] The District Court had jurisdiction over Jecrois's § 1983 claims under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291 over the District Court's denial of Jecrois's motion to dismiss to the extent it turns on an issue of law based on the collateral order doctrine. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2018–20 (2014); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "We exercise de novo review of a district court's denial of a motion to dismiss on qualified immunity grounds as it involves a pure question of law." *George v. Rehiel*, 738 F.3d 562, 571 (3d Cir. 2013). "[W]e must accept plaintiff's allegations as true and draw all inferences in his or her favor." *Id.*

[3] Because we conclude no violation of rights occurred, we need not reach the officers' remaining arguments. They alternatively contend that (1) probable cause existed for the lesser offense of sexual contact under New Jersey law, entitling them to qualified immunity or (2) the law on this issue was not clearly established at the time of Jecrois's arrest.

*Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

"[S]ince false arrest and malicious prosecution hinge on probable cause, the constitutional violation question . . . turns on whether 'a reasonable officer could have believed that probable cause existed to arrest' the plaintiff at that time." *Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (quoting *Blaylock v. City of Philadelphia*, 504 F.3d 405, 411 (3d Cir. 2007)). When an arrest is made pursuant to a valid warrant, the inquiry is based on whether "the officer, with at least a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant," and (2) "whether those assertions or omissions were material, or necessary, to the finding of probable cause." *Id.* (alteration in original) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468–69 (3d Cir. 2016)). The District Court concluded Jecrois plausibly alleged that the officers acted with reckless disregard for the truth when they submitted the application. Because the officers do not challenge that conclusion on appeal, we limit our discussion to whether the "false statements or omissions" were material.

To determine materiality, a court "must identify any improperly asserted or omitted facts and, if it determines there were reckless misrepresentations or omissions, 'excise the offending inaccuracies and insert the facts recklessly omitted' from the affidavit." *Dempsey*, 834 F.3d at 470 (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)). The court should then "assess whether the reconstructed affidavit would establish probable cause." *Id.*

7

Undertaking reconstruction here, we note two things about Jecrois's allegations of misrepresentation. First, as the District Court concluded, while Jecrois objects to the characterization of the kiss as "forcible," he states in his Complaint that he asked or tried to kiss S.D., and she said "no." Thus, the kiss, as characterized in Jecrois's Complaint, would have been without S.D.'s consent. Second, as pled in the Complaint, S.D. alleged Jecrois "[held] down [S.D.'s] arms . . .when [Jecrois] was attempting to pull [her pants] down and [S.D.] was trying to pull them back up . . . ." App. 47. We will reconstruct the application in light of those averments:

> Probable cause for the issuance of this warrant is the digitally recorded interview of the victim where she stated she was with the defendant in his dormatory (sic) room and the defendant attempted to kiss her and victim said no. The defendant then ~~forcibly (sic)~~ kissed the victim. The defendant then forcibly (sic) pulls down her pants**, [holds her arms down while she tries to pull them up,]** and inserts his penis into her vagina against her will ~~while the defendant is holding her arms down~~.

App. 192 (with additions and strikethroughs added). As noted previously, the probable cause report and S.D.'s full statement are inculpatory. But, because it is unclear if those items were presented to the Judge, we will focus our analysis on the application.

We assess the reconstructed application in light of the standard for probable cause and the elements of sexual assault under New Jersey law. "Because probable cause exists where there is merely a 'fair probability' that the arrestee committed a crime, we need not identify 'the same type of specific evidence of each element of [an] offense as would be needed to support a conviction.'" *Dempsey*, 834 F.3d at 477 (alteration in original) (quoting *Adams v. Williams*, 407 U.S. 143, 149 (1972)). "[S]tatements of a victim witness are typically sufficient to establish probable cause in the absence of

8

'[i]ndependent exculpatory evidence or substantial evidence of [a] witness's own unreliability' that 'outweigh[s]' the probable cause that otherwise exists." *Id.* at 477–78 (alterations in original) (quoting *Wilson*, 212 F.3d at 790)).

Under New Jersey law, "physical force in excess of that inherent in the act of sexual penetration is not required for such penetration to be unlawful" and to constitute a violation of the sexual assault statute. *See In re M.T.S.*, 609 A.2d 1266, 1277 (N.J. 1992). Rather, the act of penetration itself, if "engaged in by the defendant without the affirmative and freely-given permission of the victim to the specific act of penetration," satisfies the physical force or coercion element of sexual assault. *Id.*; *see also New Jersey v. Garron*, 827 A.2d 243, 264 (N.J. 2003) (stating "the act of sexual penetration itself[] without [the victim's] consent[] would be sufficient to establish the physical force or coercion required to support a sexual assault conviction"). The focus of the inquiry is whether "a reasonable person would have believed that the alleged victim had affirmatively and freely given authorization to the act," and this can be demonstrated "through physical actions rather than words." *In re M.T.S.*, 609 A.2d at 1277.

Jecrois argues the officers "cannot rely on the affirmative consent alternative explanation" because "[v]iolence and force were the *only* things the State alleged in the Sojak arrest warrant." Response Br. at 34. Jecrois's argument misses the mark. A violation of § 2C:14-2(c)(1) requires "physical force" or "coercion." That element can be established through use of force extrinsic to the act of penetration or through penetration itself if consent is not affirmatively and freely given. *M.T.S.* simply clarified what the "physical force" requirement entailed—it did not create distinct crimes.

9

Assessing the reconstructed application in light of *M.T.S.*, several facts indicate S.D. did not affirmatively and freely give her permission. First, the application states that S.D. responded to Jecrois's attempt or request to kiss her by saying "no." App. 192. Nonetheless, according to the application, Jecrois ignored her statement of non-consent and kissed her. Second, as Jecrois's Complaint states and the reconstructed application includes, Jecrois allegedly pulled S.D.'s pants down during the course of the interaction. When she attempted to pull them back up, he physically stopped her from doing so. Finally, the application recites that an act of penetration, against S.D.'s will, occurred.

Those statements were based on S.D.'s interview, which was conducted by Sojak and recorded. The recorded interview was likewise referenced in the application. Furthermore, in addition to taking S.D.'s statement, Sojak had S.D. undergo a sexual assault examination and interviewed her father.[4]

We conclude the reconstructed application supports a finding of probable cause, particularly because we need not identify "the same type of specific evidence of each element of [an] offense as would be needed to support a conviction," *Dempsey*, 834 F.3d at 477 (alteration in original) (quoting *Adams*, 407 U.S. at 149). Because probable cause existed to arrest Jecrois for sexual assault under New Jersey law, we conclude the officers did not violate Jecrois's rights.

---

[4] We agree with the District Court that S.D's alleged statement to her father that "[Jecrois] did the whole thing . . . I let him do it" is not a material omission. According to Jecrois's Complaint, S.D. also told her father that Jecrois "forcibly forced himself upon her" and that she did not fight him because she "didn't know what he had." App. 41. S.D.'s statement that she "let him do it" is not exculpatory. In fact, in context, we agree with the District Court that the statements are inculpatory.

## III.

For the foregoing reasons, we will vacate the District Court's order denying the officers' motion to dismiss on the basis of qualified immunity and remand with instructions to grant the motion as to all of the federal and state law claims.